# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PIERCE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.  1:14-cv-1687-BAM<br><br>ORDER SETTING SHOW CAUSE HEARING<br><br>ORDER STRIKING PLAINTIFF'S OPENING BRIEF<br>(Doc. 17)<br><br>**PERSONAL APPEARANCE REQUIRED**<br><br>HEARING: March 3, 2016 at 2:30pm |

On January 28, 2016, this Court ordered Plaintiff Steven Pierce ("Plaintiff") to show cause why this action should not be dismissed for failure to prosecute and failure to comply with a court order. (Doc. 15). The Court noted that on October 28, 2014, Plaintiff filed the complaint in this action and the Court issued a scheduling order. (Docs. 1, 6). Pursuant to the Court's scheduling order, Plaintiff was required to file his opening brief on or before September 21, 2015. Plaintiff failed to file his opening brief for over four months before filing a motion for an extension of time, now pending before this court.

Instead of filing a sworn declaration in response to the Court's Order to Show Cause, Plaintiff filed a motion for extension of time asking the Court to excuse Plaintiff's untimely opening brief. In the motion, Plaintiff provides a confusing explanation as to why Plaintiff's opening brief is over four months late. According to Plaintiff, it was the Commissioner—who

was admittedly nine days late in submitting her confidential response memorandum—who initially caused the delay. Plaintiff attached an email to his motion for extension of time which reveals that the Commissioner indeed submitted her response memo after the deadline but agreed to "stipulate to additional time on Plaintiff's opening brief." (Doc. 16, Attach 1). Plaintiff explains that he was unable to submit his opening brief because Defendant's failed to file a request for an extension of time with the Court. Plaintiff claims he was in a "holding pattern" because he "could not motion the court for an extension on defendant's behalf but could also not submit the Opening Brief as it would be deemed untimely." (Doc. 16 at 2). Plaintiff's counsel apologizes for failing to follow-up on Defendant's proposed extension of time, but further explains that she failed to aggressively follow-up because at that time, counsel for the Commissioner was traveling to provide care for a terminally ill relative.

On February 5, 2016, counsel for the Commissioner filed a response to Plaintiff's Motion for Extension of time contradicting the explanation of events detailed by Plaintiff. According to Sharon Lehey, Assistant Regional Counsel for the United States Social Security Administration, Region IX, Plaintiff's attorney contacted the Commissioner by phone on February 4, 2016—the due date for Plaintiff's response to the order to show cause—and claimed that she did not file her opening brief because she did not receive a response from the Commissioner's office concerning Plaintiff's request for an extension of time. *See* Declaration of Sharon Lahey ("Lahey Decl."), Ex. 1 (Doc. 18-1). During their telephone conversation, Plaintiff's counsel Kelsey Brown claimed that, on several occasions, she emailed Marla K. Letellier, Esq. but did not receive a response. The Commissioner further provides that Plaintiff's counsel claimed she left several voice messages on the Commissioner's main office phone number. Lahey Decl. ¶ 2. In a sworn declaration, Sharon Lehey claims that she has confirmed with her office and Marla Letellier, Esq., and no one from her office ever received voice messages, email or telephone correspondence from Ms. Brown concerning an extension of time to file Plaintiff's opening brief. Lahey Decl. ¶ 3. To date, Plaintiff has not responded to Defendant's allegations that Plaintiff's motion for an extension of time contains several material misrepresentations.

Setting aside the clear questions as to Plaintiff's candor in this matter, a review of the

docket reveals that this is not the first lengthy delay in this case.  Plaintiff's counsel filed her first extension of time to file her confidential letter brief on April 30, 2015—twelve days after the confidential memorandum was due.  Although requests for Court-approved extensions brought on or after the required filing date for the pleading are looked upon with disfavor, the Court granted Plaintiff's belated request and extended the time to file Plaintiff's confidential memorandum to May 30, 2015. L.R. 144(d); (Doc. 11).  Instead of submitting her memo on or before May 30, 2015, Plaintiff filed a second extension of time on August 18, 2015—nearly three months after her confidential memorandum was due—requesting that the Court deem her confidential memorandum submitted on July 17, 2015, as timely.  Again, giving Plaintiff the benefit of the doubt, the Court granted Plaintiff's second extension of time, *nunc pro tunc* and modified the scheduling order accordingly. (Doc. 14).  Based on the modified scheduling order, Defendant's confidential memorandum was due August 24, 2015 and Plaintiff's opening brief was due on September 21, 2015.  Over four months after the deadline to file his opening brief had expired, Plaintiff again asks the Court for a late and untimely third extension of time.

Based on the egregious nature of delay in this case, the Court will not discharge the order to show cause with respect to Plaintiff's Counsel.  Plaintiff's counsel has failed to provide a satisfactory response to the Court's order to show cause. Furthermore, the Defendant has informed the Court that Plaintiff's response contains material misrepresentations. Accordingly, Plaintiff's attorney shall appear in person at 2:30 p.m. on March 3, 2016.  Plaintiff shall show cause at that time why this case should not be dismissed for a repeated failure to comply with the Court's scheduling order.

Based upon the foregoing, it is HEREBY ORDERED that:

1.     The Court SETS a Show Cause Hearing for March 3, 2016 at 2:30 p.m. in Courtroom 8 (BAM) before United States Magistrate Judge Barbara A. McAuliffe;

2.     Plaintiff's attorney shall appear in person on March 3, 2016 at 2:30 p.m. in Courtroom 8 (BAM) before United States Magistrate Judge Barbara A. McAuliffe to SHOW CAUSE why sanctions including dismissal should not be imposed for failing to comply with the Court's scheduling order; and

3.  Plaintiff's Opening Brief filed at Document 17 is STRICKEN;

4.  Defendant may appear at the show cause hearing by telephone;

5.  Plaintiff is forewarned that the presence of counsel at the hearing is mandatory; failure to personally appear at the show cause hearing will result in sanctions including, but not limited to, dismissal of this action.

IT IS SO ORDERED.

Dated: **February 11, 2016**        /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE