1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

| STEVEN PIERCE, | Case No.  1:14-cv-1687-BAM |
|---|---|
| Plaintiff, | ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR DEFENDANT'S FAILURE TO COMPLY WITH THE COURT'S ORDER |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | RESPONSE DUE: April 22, 2016 |
| Defendant. | |

17      On March 3, 2016, after significant delay by both parties in this case, the Court held and

18  Order to Show Cause hearing for Plaintiff's failure to comply with the Court's scheduling order.

19  (Doc. 20).  Counsel Kelsey Brown appeared in person on behalf of the Plaintiff.  Counsel Sharon

20  Lahey appeared by telephone on behalf of the Defendant.  At the hearing, the Court expressed

21  grave concerns about the myriad of delays in this case.  The Court further stressed that the lack

22  of compliance with the Court's scheduling order has caused additional work for the Court in

23  monitoring and addressing the lapses in this action.  The Court, however, granted Plaintiff leave

24  to file an untimely opening brief and ORDERED Defendant to file her response brief within

25  thirty (30) days after the service of Plaintiff's opening brief. (Doc. 22).

26      Despite the Court's repeated direction for the parties to comply with the scheduling order,

27  Defendant's response brief is now overdue.  While Plaintiff filed his opening brief on March 3,

28  2016, Defendant's time to file her responsive brief elapsed over ten days ago. To date, no

1  response has been filed by Defendant.  Nor has Defendant sought an extension of time to file her

2  responsive brief.

3        The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or

4  of a party to comply with . . . any order of the Court may be grounds for the imposition by the

5  Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110.

6  "District courts have inherent power to control their dockets," and in exercising that power, a

7  court may impose sanctions. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831

8  (9th Cir. 1986). A court may issue sanctions, based on a party's failure to prosecute an action or

9  failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*,

10 963 F.2d 1258, 1260-61 (9th Cir. 1992) (sanctions for failure to comply with an order); *Malone*

11 *v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (same) *Henderson v. Duncan*, 779 F.2d

12 1421, 1424 (9th Cir. 1986) (sanctions for failure to comply with local rules).

13       Accordingly, Defendant is HEREBY ORDERED to SHOW CAUSE why sanctions

14 should not be imposed for Defendant's failure to comply with the Court's scheduling order.

15 Defendant shall file a written response to this order to how cause no later than **April 22, 2016**.

16 Defendant is forewarned that failure to respond to this order to show cause will result in the

17 imposition of sanctions, including an award of benefits.

18
19 IT IS SO ORDERED.

20   Dated:  __**April 18, 2016**__          __/s/ Barbara A. McAuliffe__

21                         UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28